UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

CIVIL ACTION NO. 06-101-JBC

DEBORAH MCINTOSH-PITTS,                                                    PLAINTIFF,

V.        MEMORANDUM OPINION AND ORDER

MICHAEL ASTRUE, COMMISSIONER,
SOCIAL SECURITY ADMINISTRATION,                                            DEFENDANT.

\* \* \* \* \* \* \* \* \* \*

The plaintiff brings this action pursuant to 42 U.S.C. § 405(g) to obtain judicial review of an administrative decision of the Commissioner of Social Security denying her application for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") payments. On cross-motions for summary judgment (DE 9, DE 14), the court referred this action to United States Magistrate Judge James B. Todd, who issued Proposed Findings of Fact and Recommendation (DE 17), to which the plaintiff has filed objections (DE 18).

When the parties to an action submit such objections, the district court reviews the record *de novo*. 28 U.S.C. § 636(b)(1)(C).

The court, having reviewed the record in light of the plaintiff's objections and being otherwise sufficiently advised, will adopt the Magistrate Judge's Report and Recommendation and affirm the Commissioner's decision.

**I. Factual Background**

The plaintiff is a thirty-six-year-old female with a college degree and has past

relevant work ("PRW") experience as a physical therapy technician, substitute teacher, and case manager for Kentucky River Community Care.  AR 24, 56.  The plaintiff alleges that she has been disabled since January 2, 2002, as a result of arthritis, high blood pressure, high cholesterol, and diabetes.  The plaintiff's disability claim was denied initially and upon reconsideration, resulting in two separate ALJ hearings on August 27, 2004, and November 3, 2005.  On December 9, 2005, Administrative Law Judge ("ALJ") William H. Gitlow issued a decision denying the plaintiff's claims for DIB and SSI.  AR 23-31.  Specifically, the ALJ found that the plaintiff had not engaged in substantial gainful activity since her alleged onset date and that, although her arthritis, asthma, degenerative disc disease of the spine, and degenerative joint disease of the knee were severe impairments, they did not meet or equal one of the listed impairments in Appendix 1, Subpart P, Regulation No. 4.  AR 30.  The ALJ then determined that the plaintiff was unable to perform her PRW, but that she could perform a significant number of jobs in the national economy at the light exertional level.  AR 31.  Thus, the ALJ concluded that the plaintiff did not suffer from a disability as defined by the Social Security Act.  *Id.*

**II. The Plaintiff's Objections to the Report and Recommendation**

The plaintiff claims that the ALJ failed to acknowledge and properly evaluate updated medical records received from Dr. William Wheeler, one of the plaintiff's treating physicians.  The Magistrate Judge recommended that the plaintiff's

2

argument be rejected, and the plaintiff objects to the Magistrate Judge's conclusions.

Judicial review of the ALJ's decision to deny disability benefits is limited to determining whether there is substantial evidence to support the denial decision and whether the Commissioner properly applied relevant legal standards. *Brainard v. Sec'y of Health & Human Servs.*, 889 F.2d 679, 681 (6th Cir. 1989) (citing *Richardson v. Perales*, 402 U.S. 389 (1971)). "Substantial evidence" is "more than a scintilla of evidence, but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994). The court does not try the case *de novo*, resolve conflicts in the evidence, or decide questions of credibility. *See id.* Rather, the ALJ's decision must be affirmed if it is supported by substantial evidence, even though the court might have decided the case differently. *See Her v. Comm'r of Soc. Sec.*, 203 F.3d 388, 389-90 (6th Cir. 1999).

Near the end of the plaintiff's first hearing on August 27, 2004, the ALJ decided to continue it so that the plaintiff could submit additional evidence. AR 94. Specifically, the ALJ requested updated medical records from Dr. Wheeler within thirty days. *Id.* The plaintiff's counsel submitted additional medical evidence to the ALJ, including the reports of four of the plaintiff's examinations by Dr. Wheeler that were performed on May 21, 2004, June 2, 2004, June 24, 2004, and September

3

3, 2004. These records were designated as Exhibit B20-F, *see* AR 439-40, and were admitted into evidence by the ALJ at the November 3, 2005, hearing. AR 98.

In his written opinion denying the plaintiff's claim for benefits, the ALJ wrote: "Subsequent to the hearing, the record was held open for additional medical evidence to be submitted by the claimant's representative from William Wheeler, M.D. and emergency room records dated July 2004. Instead of new medical records from Dr. Wheeler, the records came from Clementa Zuletta [sic], M.D." AR 23. Based on this statement, the plaintiff claims that the ALJ erroneously failed to note the receipt of the records from Dr. Wheeler following the initial hearing and that he therefore failed to consider them.

As previously noted, however, the ALJ admitted Dr. Wheeler's records (Exhibit B20-F) into evidence at the November 3, 2005, hearing. The ALJ also explicitly cited to this exhibit in his opinion, in which he stated, "[The plaintiff] has had complaints of neck pain since mid-2004 (Exhibit B20-F)." AR 26. Based on its own review of Exhibit B20-F, the court finds this to be an adequate summation of it. *See* AR 439-40. The Magistrate Judge properly found that the ALJ did not err in his consideration of Exhibit B20-F.

The plaintiff also asserts that Exhibit B20-F corroborates the findings of her treating physician, Dr. Zulueta, and that the ALJ's failure to credit that exhibit caused him to erroneously evaluate Dr. Zulueta's opinion and the testimony of the

Vocational Expert ("VE"). Because the court has found that the ALJ properly considered Exhibit B20-F, it also finds these arguments to be without merit. As the Magistrate Judge correctly found, the ALJ did not err in concluding that the functional limitations recommended by Dr. Zulueta were unsupported by his clinical findings or by any other evidence in the record. *See* DE 17, at 6-9; AR 28-29. As a result, the ALJ was not obligated to consider the VE's answer to a hypothetical question based on Dr. Zulueta's conclusions. Accordingly,

**IT IS ORDERED** that the Magistrate Judge's Proposed Findings of Fact and Recommendation (DE 17) is **AFFIRMED** and is **ADOPTED** as this court's opinion with the revisions discussed above.

**IT IS FURTHER ORDERED** that the plaintiff's motion for summary judgment (DE 9) is **DENIED**.

**IT IS FURTHER ORDERED** that the Commissioner's motion for summary judgment (DE 14) is **GRANTED**.

Signed on May 2, 2007

JENNIFER B. COFFMAN, JUDGE
U.S. DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY

5